# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PHELPS,<br><br>    Plaintiff,<br><br>v.<br><br>MANUEL PEREZ, et al.,<br><br>    Defendants. | Case No. 1:22-cv-01406-ADA-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT BETTIS SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF No. 18) |

Plaintiff Paul Phelps is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is proceeding on Plaintiff's excessive force claim against Defendants Townsend and Bettis in violation of the Fourteenth Amendment, supervisory liability claim against Defendant Manuel Perez in violation of the Fourteenth Amendment, and Monell liability claim against the County of Madera in violation of the Fourteenth Amendment. (ECF No. 14.)

On May 9, 2023, the United States Marshal (USM) returned the summons unexecuted as to Defendant Bettis, noting that the Litigation Coordinator at Valley State Prison indicated there is no record of an officer Bettis employed at the prison. (ECF No. 18.)

///

///

///

///

1

Pursuant to Federal Rule of Civil Procedure 4:

> If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Because the USM has not been successful in locating Defendant Bettis, pursuant to Rule 4(m), the court will provide Plaintiff with an opportunity to show cause why Defendant Bettis, should not be dismissed from this action for failure to serve process. If Plaintiff is unable to provide the USM with additional information, Defendant Bettis shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Bettis should not be dismissed from this action pursuant to Rule 4(m); and

///

2. Plaintiff's failure to respond to this order will result in a recommendation that Defendant Bettis be dismissed from the action, without prejudice.

IT IS SO ORDERED.

Dated: **May 10, 2023**

UNITED STATES MAGISTRATE JUDGE