UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PHELPS,<br><br>             Plaintiff,<br><br>     v.<br><br>MANUEL PEREZ, et al.,<br><br>             Defendants. | No. 1:22-cv-01406-NODJ-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25<br><br>(ECF No. 31) |

Plaintiff Paul Phelps is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' notice of Plaintiff's death on the record, filed November 2, 2023. (ECF No. 31.)

**I.**

**DISCUSSION**

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action if a motion for substitution is not made within ninety days after service of a statement noting plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required for the running of the ninety-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). A party may be served with

1

the suggestion of death by service on his or her attorney as provided for in Rule 5, and non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided for in Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); Barlow, 39 F.3d at 232–34.

Rule 4 of the Federal Rules of Civil Procedure states that a summons may be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Here, Defendants previously filed a statement of Plaintiff's death on September 26, 2023. However, on September 17, 2023, the Court ordered that the statement of death be served upon non-party successors or representatives in the manner provided by Federal Rule of Civil Procedure 4 regarding service of the summons.

As previously stated, on November 2, 2023, Defendants filed a notice of Plaintiff death indicating that they learned Plaintiff died intestate with no known heirs. (Travis Decl. ¶ 3.) Therefore, Defendants served the Public Administrator of Madera County, Deborah Martinez pursuant to California Probate Code section 8461. (Travis Decl. ¶¶ 4-5.) Upon further research, Defendants discovered that Plaintiff had an ex-wife, Margaret Parks (Travis Decl. ¶ 6), and attempts were made to serve Ms. Parks with the statement noting death, which were ultimately unsuccessful.[1] (Travis Decl. ¶ 7.)

Here, Plaintiff's death was suggested upon the record more than ninety days ago, on November 2, 2023, when Defendants filed a proper notice of Plaintiff's death. (ECF No. 31.)

---

[1] Because Plaintiff died without a will, intestate laws would not apply to the ex-spouse, since the ex-spouse would no longer be considered a legal heir of the decedent. Cal. Prob. Code § 6122. Therefore, service on Ms. Parks is not necessary.

Accordingly, Defendants have complied with the requirements of Rule 25(a)(1) to serve the notice. Fed. R. Civ. P. 25(a)(1). No motion for substitution has been made. Therefore, this action should be dismissed pursuant to Rule 25(a)(1).

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1) and all pending deadlines be vacated.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **February 5, 2024**

UNITED STATES MAGISTRATE JUDGE

3